O

UNITED STATES DISTRICT COURT

CENTRAL DISTRICT OF CALIFORNIA

| | |
|---|---|
| JOSE CORONA,<br><br>    Plaintiff,<br><br>  vs.<br><br>CAROLYN W. COLVIN, Acting Commissioner of Social Security,<br><br>    Defendant. | ) Case No. EDCV 13-1819 RNB<br>)<br>)<br>) ORDER AFFIRMING DECISION OF<br>) COMMISSIONER<br>)<br>)<br>)<br>)<br>) |

  The Court now rules as follows with respect to the two disputed issues listed in the Joint Stipulation.[1]

**A.**   **Reversal is not warranted based on the ALJ's alleged failure to make a proper adverse credibility determination (Disputed Issue Two).**

---

  [1]   As the Court advised the parties in its Case Management Order, the decision in this case is being made on the basis of the pleadings, the administrative record ("AR"), and the Joint Stipulation ("Jt Stip") filed by the parties. In accordance with Rule 12(c) of the Federal Rules of Civil Procedure, the Court has determined which party is entitled to judgment under the standards set forth in 42 U.S.C. § 405(g).

1    Disputed Issue Two is directed to the ALJ's adverse credibility determination with respect to plaintiff's subjective symptom testimony. (See Jt Stip at 12-17.)

    An ALJ's assessment of pain severity and claimant credibility is entitled to "great weight." See Weetman v. Sullivan, 877 F.2d 20, 22 (9th Cir. 1989); Nyman v. Heckler, 779 F.2d 528, 531 (9th Cir. 1986). Under the "Cotton standard," where the claimant has produced objective medical evidence of an impairment which could reasonably be expected to produce some degree of pain and/or other symptoms, and the record is devoid of any affirmative evidence of malingering, the ALJ may reject the claimant's testimony regarding the severity of the claimant's pain and/or other symptoms only if the ALJ makes specific findings stating clear and convincing reasons for doing so. See Cotton v. Bowen, 799 F.2d 1403, 1407 (9th Cir. 1986); see also Smolen v. Chater, 80 F.3d 1273, 1281 (9th Cir. 1996); Dodrill v. Shalala, 12 F.3d 915, 918 (9th Cir. 1993); Bunnell v. Sullivan, 947 F.2d 341, 343 (9th Cir. 1991) (en banc).

    Here, plaintiff testified that he could not work because of his gout and a renal mass (which had been surgically removed). (See AR 31-35.) Although plaintiff initially testified that he currently had no symptoms from gout (see AR 31), he later testified that he had difficulty standing after sitting (see AR 32), that he had problems with both knees (see id.), that he had right shoulder pain (see AR 34), and that his hands became numb (see AR 35). The ALJ determined that, although plaintiff's medically determinable impairments could reasonably be expected to cause the alleged symptoms, plaintiff's statements concerning the intensity, persistence, and limiting effects of these symptoms were not credible to the extent they were inconsistent with the ALJ's finding that plaintiff had no severe impairment or combination of impairments. (See AR 18.)

    In support of this adverse credibility determination, the ALJ proffered three reasons. First, the ALJ found that plaintiff's allegations of disabling knee and shoulder pain were inconsistent with the objective medical evidence. (See AR 17.)

Specifically, the ALJ noted that the record reflected that plaintiff's treatment appeared to have ceased in June 2011[2]; that he underwent surgery for the renal mass, after which he was asymptomatic except for his gout; that he was undergoing no active treatment as of March 2011; and that the record did not clearly indicate when the gout started. (See id.)  Plaintiff contends that this first reason was not legally sufficient because the ALJ could not rely on a lack of corroborating evidence "alone" to reject plaintiff's subjective symptom testimony. (See Jt Stip at 14.) However, the ALJ did not rely only on such a reason here; rather, the lack of objective evidence to substantiate plaintiff's claims was just one of multiple reasons.  See Burch v. Barnhart, 400 F.3d 676, 681 (9th Cir. 2005) ("Although lack of medical evidence cannot form the sole basis for discounting pain testimony, it is a factor that the ALJ can consider in his credibility analysis.")  Accordingly, the Court finds that this first reason was a legally sufficient reason on which the ALJ could properly rely in support of his adverse credibility determination.  See, e.g., Morgan v. Comm'r of Soc. Sec., 169 F.3d 595, 600 (9th Cir. 1999) (ALJ may properly consider conflict between claimant's testimony of subjective complaints and objective medical evidence in the record); Tidwell v. Apfel, 161 F.3d 599, 602 (9th Cir. 1998) (ALJ may properly rely on weak objective support for the claimant's subjective complaints); Orteza v. Shalala, 50 F.3d 748, 750 (9th Cir. 1995) (ALJ may properly rely on lack of objective evidence to support claimant's subjective complaints); Nyman, 779 F.2d at 531 (noting that "a claimant's self-serving statements may be disregarded to the extent they are unsupported by objective findings").

---

[2] The Court notes that, contrary to the ALJ's statement that plaintiff's treatment for gout appeared to have ceased in June 2011, the record contains treatment records until December 2011. (See AR 385.) Nonetheless, despite this minor misstatement, the Court concurs with the ALJ on the whole that plaintiff's allegations were inconsistent with the objective medical evidence. (See AR 62, 227, 345.)

Second, the ALJ found that plaintiff's daily activities – walking, shopping, helping with household chores, baking bread, and walking for about half the day – required physical abilities that were the same as those necessary for obtaining and maintaining employment. (See AR 17; see also AR 44-49.) The Court finds that this second reason also was a legally sufficient reason on which the ALJ could properly rely in support of his adverse credibility determination. See, e.g., Burch, 400 F.3d at 681 (affirming adverse credibility determination in light of claimant's ability to care for her own personal needs, cook, clean, shop, interact with others, and manage finances); Thomas v. Barnhart, 278 F.3d 947, 959 (9th Cir. 2002) (ALJ did not err in finding that the claimant's ability to perform chores such as cooking, laundry, washing dishes, and shopping undermined the credibility of her subjective complaints); Morgan, 169 F.3d at 600 (claimant's ability to fix meals, do laundry, work in yard, and occasionally care for friend's child was evidence of claimant's ability to work); Orteza, 50 F.3d at 750 (per curiam) (holding that the ALJ did not err in concluding that the claimant's ability to cook, do dishes, go to the store, visit relatives, and drive indicated that he could work). Although plaintiff disputes the legal sufficiency of the evidence of his daily activities because they are "limited" and performed over "brief periods of time" (see Jt Stip at 12), the Court finds that the ALJ's interpretation of the evidence was a rational one that the Court cannot second-guess. See Burch, 400 F.3d at 680-81 (upholding adverse credibility determination where evidence of claimant's daily activities was susceptible to more than one rational interpretation but the ALJ's interpretation was a rational one).

Third, the ALJ noted that the record indicated that plaintiff had stopped working in 2008 due to a business-related layoff rather than because of his allegedly disabling impairments and that there was no evidence of a significant deterioration in plaintiff's medical condition since the layoff. Therefore, it would be reasonable to infer that plaintiff's impairments would not prevent the performance of his past job (as a warehouse picker). (See AR 18.) The ALJ further noted that plaintiff had

acknowledged that he had continued to seek employment after his alleged disability onset date. (See id.) The Court finds that this third reason also was a legally sufficient reason on which the ALJ could properly rely in support of his adverse credibility determination. See Bray v. Commissioner of Social Security Admin., 554 F.3d 1219, 1227 (9th Cir. 2009) (claimant's subjective symptom testimony was belied by evidence that she recently worked and sought out other employment); Copeland v. Bowen, 861 F.2d 536, 542 (9th Cir. 1988) (ALJ properly found claimant not credible when he apparently considered himself capable of work and held himself out as available for work).

Accordingly, the Court finds that reversal is not warranted based on the ALJ's alleged failure to make a proper adverse credibility determination.

**B.    Reversal is not warranted based on the ALJ's alleged failure to make a proper step two finding (Disputed Issue One).**

Disputed Issue One is directed to the ALJ's finding, at step two of the Commissioner's sequential evaluation process, that plaintiff did not suffer from any "severe" impairments and therefore was not disabled. (See Jt Stip at 2-12.)

Step two of the Commissioner's sequential evaluation process requires the ALJ to determine whether an impairment is severe or not severe. See 20 C.F.R. §§ 404.1520(a), 416.920(a). The Social Security Regulations and Rulings, as well as case law applying them, discuss the step two severity determination in terms of what is "not severe." According to the Commissioner's regulations, an impairment is not severe if it does not significantly limit the claimant's physical or mental ability to do basic work activities." See 20 C.F.R. §§ 404.1520(c), 404.1521(a), 416.920(c), 416.921(a). Basic work activities are "abilities and aptitudes necessary to do most jobs," including "[p]hysical functions such as walking, standing, sitting, lifting, pushing, pulling, reaching, carrying, or handling." Basic work activities also include mental activities such as understanding, carrying out, and remembering simple

5

instructions; use of judgment; responding appropriately to supervision, co-workers, and usual work situations; and dealing with changes in a routine work setting. See 20 C.F.R. §§ 404.1521(b), 416.921(b); Social Security Ruling ("SSR") 85-28. The Ninth Circuit has described step two as "a de minimis screening device to dispose of groundless claims." See Smolen, 80 F.3d at 1290; see also Webb v. Barnhart, 433 F.3d 683, 687 (9th Cir. 2005).

Here, the ALJ found that plaintiff had two medically determinable impairments (i.e., gout and post-surgical renal mass), but that these impairments were "nonsevere" because there was no objective medical evidence to support that plaintiff's condition had lasted or could be expected to last for a continuous period of not less than 12 months. (See AR 15.) Plaintiff acknowledges that he "has made a relatively successful recovery from [his] renal cell carcinoma challenge." (See Jt Stip at 4.) However, plaintiff challenges the ALJ's step two determination with respect to plaintiff's gout condition. (See Jt Stip at 4-6.)

In order to be found disabled, a claimant must have a medically determinable physical or mental impairment which has "lasted or can be expected to last for a continuous period of not less than 12 months." See 42 U.S.C. § 423(d)(1)(A); 20 C.F.R. §§ 404.150, 416.909. A claimant bears the burden of proving that he has met this "duration requirement." See Roberts v. Shalala, 66 F.3d 179, 182 (9th Cir. 1995); see also 20 C.F.R. §§ 404.1520(a)(4)(ii); 416.920(a)(4)(ii) (at step two, "[i]f you do not have a severe medically determinable physical or mental impairment that meets the duration requirement . . ., we will find that you are not disabled").

Here, the medical record first references plaintiff's gout in March 2011, and last mentions his gout in December 2011. (See AR 285, 385.) Even assuming that plaintiff was unemployable for this entire nine-month period, it is too short a period to satisfy plaintiff's burden of showing that he met the duration requirement. See Roberts, 66 F.3d at 182 (claimant failed to satisfy duration requirement where she had presented evidence of condition lasting for only seven months); Van Han v. Bowen,

882 F.2d 1453, 1458 (9th Cir. 1989) (ALJ's finding of non-disability was supported by substantial evidence where "no physician concluded that Han would be unable to work for the statutorily required period" of 12 consecutive months). Indeed, the record reflects that a state agency review physician noted in August 2011 after reviewing the medical record that plaintiff's gout appeared to be well-controlled with medication, did not impose any physical limitations, and did not satisfy the duration requirement. (See AR 353; see also AR 62, 69, 364.)

      In support of his contention that he met the duration requirement, plaintiff points to his testimony during the administrative hearing, held in March 2012, that he continued to experience pain from gout. (See Jt Stip at 5; see also AR 31-32.) As discussed above, however, the ALJ provided legally sufficient reasons to make an adverse credibility determination with respect to plaintiff's subjective symptom testimony. Moreover, plaintiff's subjective symptom testimony alone was not sufficient to satisfy his burden of establishing, with medical evidence, that he had met the duration requirement. See Roberts, 66 F.3d at 182 (claimant's bare allegation that no evidence revealed she had improved from her condition "misses the point" that she had the burden of establishing, with medical evidence, that she met the duration requirement). Accordingly, plaintiff's subjective symptom testimony alone is insufficient to satisfy plaintiff's burden of showing that he met the duration requirement.

      In support of his contention that he met the duration requirement, plaintiff also points to two medical records from March 2011, one of which noted that plaintiff had been suffering from gout for 30 years and the other of which noted that plaintiff had a history of gout. (See Jt Stip at 6; see also AR 227, 375.) However, these passing brief reference to plaintiff's history of gout, which apparently were based on plaintiff's self-reporting to his physicians, also are insufficient to satisfy the duration requirement in the absence of any objective medical evidence corroborating the existence of gout for the time at issue. See Ukolov v. Barnhart, 420 F.3d 1002, 1005-

7

06 (9th Cir. 2005) (claimant failed to establish a severe impairment in absence of corroboration by objective medical evidence); Flores v. Commissioner of Social Security, 237 Fed Appx. 251, 252 (9th Cir. 2007) (same). The Court also notes that most of this alleged 30-year history of gout precedes plaintiff's alleged disability onset date and is unaccompanied by any evidence of any work-related limitations as a result of the gout. See Carmickle v. Commissioner, Social Sec. Admin., 533 F.3d 1155, 1164-65 (9th Cir. 2008) (ALJ did not err in failing to classify carpal tunnel syndrome as a severe impairment where medical evidence addressing the impairment was a letter dated before the alleged disability onset date and where the medical record did not establish any work-related limitations as a result of the impairment).

Accordingly, the Court finds that reversal is not warranted based on the ALJ's alleged error in finding that plaintiff's gout was a nonsevere impairment.[3]

*******************

IT THEREFORE IS ORDERED that Judgment be entered affirming the decision of the Commissioner and dismissing this action with prejudice.

DATED: June 19, 2014

_____
ROBERT N. BLOCK
UNITED STATES MAGISTRATE JUDGE

---

[3] Plaintiff's argument directed to the ALJ's comments at the administrative hearing is a red herring. According to plaintiff, the ALJ "clearly represented to Plaintiff and Plaintiff's counsel that if the 12 month durational requirement were met, he would find [plaintiff] to be limited to at most light work which would result in a favorable decision in this case given the combination of [plaintiff's] age, education, past work experience, et cetera." (See Jt Stip at 8.) However, as discussed above, the ALJ properly found that the 12-month durational requirement was not met here.